IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

                *Plaintiff,*

v.                                                                          CAUSE NO. 3:24-CR-82-CWR-ASH

**MICKEY DOSTER**,

                *Defendant.*

## ORDER

Before the Court is Mickey Doster's motion to dismiss the indictment. The United States alleges that Doster violated 18 U.S.C. §§ 922(g)(1) and 924(a)(8) by knowingly possessing a firearm as a convicted felon. The parties do not dispute Doster's felony status: he has prior convictions for burglary, grand larceny, and motor vehicle theft. He argues, however, that these prior convictions are not enough to sustain a federal conviction under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

For the reasons that follow, Doster's motion is denied.

**I.     Legal Standard**

The *Bruen* standard is by now familiar. "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 17. The burden then shifts to the government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.*

To satisfy this burden, the Government need not point to a "historical twin," rather, it need only show a "historical analogue." *United States v. Rahimi*, 602 U.S. 680, 701 (2024). The Court should utilize "relevantly similar" analogues to "consider 'whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified.'" *United States v. Diaz*, 116 F.4th 458, 467 (5th Cir. 2024) (quoting *Bruen*, 597 U.S. at 29).

II.     **Discussion**

According to the Fifth Circuit, "[t]he plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)." *Id.* Therefore, the Court asks whether the government has identified "a well-established and representative historical analogue" demonstrating that Doster's "lifetime ban on firearm possession is consistent with the Nation's historical tradition of firearm regulation." *Id.* (emphasis omitted). He brings both as-applied and facial challenges to his prosecution.

   A.     **As-Applied Challenge**

The government maintains that Doster's arguments are foreclosed by the Fifth Circuit's holding in *Diaz*, because Doster has prior convictions for burglary, grand larceny, and motor vehicle theft. Docket No. 29 at 4. The Court agrees, and a brief discussion of *Diaz* explains why.

The defendant in *Diaz* had prior convictions for "car theft, evading arrest, and possessing a firearm as a felon." 116 F.4th at 467-68. The government presented historical laws that considered theft a felony at the time of the Founding. *Id.* at 468. Both capital punishment and estate forfeiture were possible consequences for a felony theft conviction. *Id.* The Fifth Circuit, relying on its own research, also noted that a conviction based on horse

2

theft was likely the closest "colonial analogue" to modern vehicle theft, and such a conviction in that era could lead to the death penalty. *Id.* (citing Kathryn Preyer, *Crime and Reform in Post-Revolutionary Virginia*, 1 LAW & HIST. REV. 53, 73 (1983)). As such, the Fifth Circuit concluded "that our country has a historical tradition of severely punishing people . . . who have been convicted of theft." *Id.* at 468-69.

The Fifth Circuit then examined "why" and "how" the history was relevantly similar to the current prosecution. As to the "why," the colonial laws were "justified by the need to adequately punish felons, deter reoffending, and protect society from those proven untrustworthy to follow the law." *Id.* at 469.

Turning to the "how," the colonial laws "achieved their goals by permanently punishing offenders, as does § 922(g)(1)." *Id.* The Fifth Circuit reasoned that permanent disarmament did not "punish such crimes to an extent beyond what was done at the founding, given the government's evidence that crimes such as theft were punished so severely and permanently." *Id.* (citation omitted). The Fifth Circuit also concluded that there was a "historical tradition of permanently punishing certain offenders who the evidence shows would have been considered felons and exposed to these types of penalties at the time of the Founding." *Id.*

*Diaz* outlines that a conviction for theft was a felony and could potentially lead to the death penalty at the time of the Founding. Because a theft conviction could lead to death, under its reasoning, permanent disarmament falls within the scope of potential punishments for a felony conviction. *Id.* at 470.

Doster concedes that he has a previous conviction for "motor vehicle theft." Though he is correct that *Diaz's* holding does not apply to all felony convictions, it specifically applies

3

to felony theft convictions. Thus, *Diaz's* holding forecloses his argument that § 922(g)(1) prosecution is unconstitutional as applied to him. His motion on this ground is denied.

### B.    Facial Challenge

Next, Doster argues that § 922(g)(1) is facially unconstitutional. This argument is also foreclosed by Fifth Circuit precedent, so the analysis ends here. *See Diaz*, F.4th at 471-72.

### C.    Fifth Amendment Equal Protection Challenge[1]

Doster then argues that § 922(g)(1) violates the Fifth Amendment's equal protection guarantee because it burdens his fundamental right to bear arms and cannot survive strict scrutiny. Docket No. 25 at 15. The government submits that Doster's argument is foreclosed as *United States v. Darrington*, 351 F.3d 632 (5th Cir. 2003), remains binding on this point. Docket No. 29 at 10.

In *Darrington*, the Fifth Circuit determined that governmental restrictions on the right to bear arms need not meet strict scrutiny because felons are excluded from the Second Amendment's protections. *Id.* at 635. The Fifth Circuit, applying plain error review, has recently held that *Darrington* remains binding. *See United States v. Howard*, No. 24-40033, 2024 WL 4449866, at *2 (5th Cir. Oct. 9, 2024); *United States v. Steward*, No.23-20515, 2024 WL 3082334, at *1 (5th Cir. June 21, 2024); *United States v. Jones*, 88 F.4th 571 (5th Cir. 2023). Its decision in that line of cases was warranted because the defendants had not properly raised and briefed the equal protection challenge in the district court.

---

[1] In *United States v. Negrete*, No. 2:24-cr-00103-JAD-DJA-2, 2024 WL 4624849, at *5 (D. Nev. Oct. 30, 2024), the court held that Fifth Amendment equal protection challenges were better accessed under the Second Amendment's history and tradition test. That court based its decision on guidance from the Ninth Circuit. *See id.* at 6 (citing *Teixeira v. County of Alameda*, 822 F.3d 1047, 1052 (9th Cir. 2016), *aff'd in part and rev'd in part on reh'g en banc*, 873 F.3d 670, 676 n.7 (9th Cir. 2017). This Court, however, is not aware of similar guidance from the Fifth Circuit and will consider Doster's Fifth Amendment claim separately.

4

But Doster is different. He has argued that § 922(g)(1) violates equal protection principles. And given the Supreme Court's pronouncement that "the right to keep and bear arms is among the 'fundamental rights necessary to our system of ordered liberty,'" along with the Fifth Circuit's holding that felons may still receive Second Amendment protection, there appears to be merit to Doster's argument. *Rahimi*, 602 U.S. at 690 (quoting *McDonald v. Chicago*, 561 U.S. 742, 778 (2010)); *Diaz*, 116 F.4th at 466.

Doster maintains that § 922(g)(1) cannot survive strict scrutiny because it "contains no uniform definition of the conduct that will result in the loss of the right to possess a firearm and instead relies on diverse state definitions." Docket No. 25 at 15. He adds that § 922(g)(1) "does not consistently restore the right to keep and bear arms and instead relies upon disparate state restoration schemes" which further leads to a lack of uniform application. Docket No. 30 at 8. He shows the restoration laws vary even among the states in the Fifth Circuit. *Id.* at 9. The government, believing that Doster's argument is foreclosed by *Darrington*, does not attempt to justify § 922(g)(1)'s constitutionally under strict scrutiny.

Under *Rahimi* and *Diaz*, the fundamental right to keep and bear arms seems to extend to individuals who have been convicted of a felony. *See Rahimi*, 602 U.S. at 690; *see also* Diaz, 116 F.4th at 466. But the post-*Bruen* precedent also examines whether an individual's underlying felony conviction is premised on violent conduct. *See United States v. Bullock*, No. 23-60408, 2024 WL 5086426, at *1 (5th Cir. Dec. 12, 2024). Thus, even if *Rahimi* and *Diaz* extended Second Amendment protection to felons, it is not clear that Doster, as one who has convictions for burglary, grand larceny, and motor vehicle theft, may sustain an equal protection challenge because at least one of his convictions is premised on violent conduct. *See Diaz*, 116 F.4th at 466-67 (reasoning that the nature of the felony is relevant to whether a

5

firearm regulation is consistent with the historical tradition; not the Second Amendment's initial applicability). As one court has explained, "*Bruen* changed the scrutiny of laws regulating protected conduct, but it did not disturb the holding that felons lack Second Amendment rights. Section 922(g)(1) cannot be said to unevenly burden Second Amendment rights that do not exist." *United State v. Locket*, Crim. No. H-22-72, 2023 WL 5153549, at *5 (S.D. Tex. Aug. 10, 2023). *Accord. United States v. Landrum*, No. 3:24-CR-63-DPJ-LGI, 2024 WL 4806486, at *2 (S.D. Miss. Nov. 15, 2024); *United States v. Clark*, No. 3:24-CR-49-KHJ-LGI, 2024 WL 2963785, at *1 (S.D. Miss. June 12, 2024). His motion will be dismissed on this ground.

### D. Commerce Clause Challenge

Finally, Doster argues that § 922(g)(1) violates the Commerce Clause. He acknowledges that this argument is foreclosed under Fifth Circuit precedent and raises it only to preserve it for further review. *See United States v. Hemphill*, No. 23-50675, 2024 WL 5184299, at *10 (Dec. 20. 2024); Diaz, F.4th at 462; *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013)).

### III. Conclusion

Doster's motion to dismiss the indictment is denied for the reasons discussed above. The parties shall appear for trial in this matter on January 28, 2025.

**SO ORDERED**, this the 23rd day of December, 2024.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE